UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

RIKKI VERDUIN,  )
    )
    Plaintiff,  )  Case No. 1:08-cv-698
    )
v.  )  Honorable Robert Holmes Bell
    )
COMMISSIONER OF  )
SOCIAL SECURITY,  )
    )  **REPORT AND RECOMMENDATION**
    Defendant.  )
_____)

This is a social security action brought under 42 U.S.C. §§ 405(g), 1383(c)(3) seeking review of a final decision of the Commissioner of Social Security finding that plaintiff was not entitled to disability insurance benefits (DIB) and supplemental security income (SSI) benefits. On November 29, 2004, plaintiff filed her applications for benefits, claiming a November 6, 2001 onset of disability. (A.R. 57-64). Her claims were denied on initial review. (A.R. 28-40). On May 8, 2006, plaintiff received a hearing before an administrative law judge (ALJ) at which she was represented by counsel. (A.R. 269-317). On June 19, 2006, the ALJ issued a decision finding that plaintiff was not disabled. (A.R. 14-27). On May 19, 2008, the Appeals Council denied review (A.R. 3-5), and the ALJ's decision became the Commissioner's final decision.

On July 24, 2008, plaintiff filed her complaint seeking judicial review of the Commissioner's decision denying her claims for DIB and SSI benefits. The issue raised in plaintiff's brief is whether the Commissioner's decision is based on "substantial" evidence on the record as a whole. (Plf. Brief at iii, Statement of Questions Presented, docket # 9). Upon review,

I find that the Commissioner's decision is supported by more than substantial evidence. I recommend that the Commissioner's decision be affirmed.

**Standard of Review**

When reviewing the grant or denial of social security benefits, this court is to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner correctly applied the law. *See Elam ex rel. Golay v. Commissioner*, 348 F.3d 124, 125 (6th Cir. 2003); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Substantial evidence is defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Heston v. Commissioner*, 245 F.3d 528, 534 (6th Cir. 2001)(quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see Rogers v. Commissioner*, 486 F.3d 234, 241 (6th Cir. 2007). The scope of the court's review is limited. *Buxton*, 246 F.3d at 772. The court does not review the evidence *de novo*, resolve conflicts in evidence, or make credibility determinations. *See Walters v. Commissioner*, 127 F.3d 525, 528 (6th Cir. 1997). "The findings of the [Commissioner] as to any fact if supported by substantial evidence shall be conclusive . . . ." 42 U.S.C. § 405(g); *see McClanahan v. Commissioner*, 474 F.3d 830, 833 (6th Cir. 2006). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. . . . This is so because there is a 'zone of choice' within which the Commissioner can act without fear of court interference." *Buxton*, 246 F.3d at 772-73. "If supported by substantial evidence, the [Commissioner's] determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently." *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993); *see Smith v. Chater*, 99 F.3d 780, 782 (6th Cir. 1996)

("[E]ven if the district court -- had it been in the position of the ALJ -- would have decided the matter differently than the ALJ did, and even if substantial evidence also would have supported a finding other than the one the ALJ made, the district court erred in reversing the ALJ."). "[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Commissioner*, 336 F.3d 469, 477 (6th Cir. 2003); *see Warner v. Commissioner*, 375 F.3d 387, 390 (6th Cir. 2004).

## Discussion

The ALJ found that plaintiff met the disability insured requirement of the Social Security Act from her alleged onset of disability of November 6, 2001, through the date of the ALJ's decision. (A.R. 16). Plaintiff had not engaged in substantial gainful activity since her alleged onset of disability. (A.R. 17), The ALJ found that plaintiff had the severe impairments of "[s]ingular sclerosis, degenerative disc disease of the lumbar spine, and obesity." (A.R. 17). Plaintiff did not have an impairment or combination of impairments which met or equaled the requirements of the listing of impairments. The ALJ found that plaintiff retained the following residual functional capacity (RFC):

> After careful consideration of the entire record, the undersigned finds that, the claimant has the residual functional capacity required to lift, carry, push, and/or pull up to 10 pounds; requires the ability to sit/stand at will; occasionally climb, balance, stoop, kneel, crouch, or crawl; cannot perform overhead reaching, frequent grasping or fingering; and she cannot be exposed to hazardous conditions.

(A.R. 16). The ALJ found that plaintiff's testimony regarding her subjective limitations was not fully credible. (A.R. 20-25). The ALJ found that plaintiff was not capable of performing her past

relevant work. (A.R. 25). Plaintiff was thirty-two years old as of her alleged onset of disability. Thus, at all times relevant to her claims, plaintiff was classified as a younger individual. (A.R. 25). Plaintiff has at least a high school education and is able to communicate in English. (A.R. 25). The ALJ found that the transferability of job skills was not an issue because plaintiff's past relevant work was unskilled. (A.R. 25). The ALJ then turned to the testimony of a vocational expert (VE). In response to a hypothetical question regarding a person of plaintiff's age, and with her RFC, education, and work experience, the VE testified that there were approximately 5000 jobs in Michigan that the hypothetical person would be capable of performing. (A.R. 313-14). The ALJ held that this constituted a significant number of jobs. Using Rules 201.24 of the Medical-Vocational Guidelines as a framework, the ALJ found that plaintiff was not disabled. (A.R. 14-27).

**1.**

Plaintiff disagrees with the ALJ's credibility determination regarding her subjective complaints, and the majority of her seven-page brief is devoted to reproducing selected excerpts from the hearing transcript. Rather than making a serious attempt to engage the ALJ's credibility determination, plaintiff ignores it. For example, plaintiff's brief does not address the ALJ's extended discussion regarding her daily activities. (A.R. 21-22). It is beyond question that it was appropriate for the ALJ to take plaintiff's daily activities into account in making his credibility determination. *See Cruse v. Commissioner*, 502 F.3d 532, 542 (6th Cir. 2007); *Blacha v. Secretary of Health & Human Servs.*, 927 F.2d 228, 231 (6th Cir. 1990); *see also Cox v. Commissioner*, 295 F. App'x 27, 33-34 (6th Cir. 2008).

This court does not make its own credibility determinations. *See Jordan v. Commissioner*, 548 F.3d 417, 422 (6th Cir. 2008); *see McGlothin v. Commissioner*, 299 F. App'x 516 (6th Cir. 2008). The court cannot substitute its own credibility determination for the ALJ's. The court's "review of a decision of the Commissioner of Social Security, made through an administrative law judge, is extremely circumscribed . . . ." *Kuhn v. Commissioner*, 124 F. App'x 943, 945 (6th Cir. 2005). The Commissioner's determination regarding the credibility of a claimant's subjective complaints is reviewed under the deferential "substantial evidence" standard. "Claimants challenging the ALJ's credibility determination face an uphill battle." *Daniels v. Commissioner*, 152 F. App'x 485, 488 (6th Cir. 2005). "Upon review, [the court must] accord to The ALJ's determinations of credibility great weight and deference particularly since the ALJ has the opportunity, which [the court] d[oes] not, of observing a witness's demeanor while testifying." *Jones*, 336 F.3d at 476. "The ALJ's findings as to a claimant's credibility are entitled to deference, because of the ALJ's unique opportunity to observe the claimant and judge her subjective complaints." *Buxton v. Halter*, 246 F.3d at 773. "Since the ALJ has the opportunity to observe the demeanor of the witness, his conclusions with respect to credibility should not be discarded lightly and should be accorded deference." *Casey v. Secretary of Health & Human Servs.*, 987 F.2d 1230, 1234 (6th Cir. 1993). Plaintiff's brief focuses on excerpts from the record on which the ALJ could possibly have based a factual finding that plaintiff's testimony was credible. However, this does not suffice under the deferential "substantial evidence" standard. "[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the

ALJ." *Jones v. Commissioner*, 336 F.3d 469, 477 (6th Cir. 2003). I find that the ALJ's credibility determination is supported by more than substantial evidence.

**2.**

Plaintiff repeatedly argues that doctors have not doubted the truthfulness of her statements regarding her symptoms. (Plf. Brief at 6, 7). Credibility determinations with respect to subjective complaints rest with the ALJ. *Allen v. Commissioner*, 561 F.3d 646, 652 (6th Cir. 2009). A treating physician's opinion regarding an individual's credibility "is not a medical opinion requiring consideration." *Id.* The issue of credibility is an administrative finding of fact reserved to the Commissioner. *Id.* (collecting cases). This argument does not provide grounds for disturbing the Commissioner's decision.

**3.**

Plaintiff argues that the ALJ failed to consider the combined effect of her impairments. (Plf. Brief at 6). The ALJ's stated that he considered plaintiff's impairments in combination. (A.R. 16). Given this statement, the ALJ is not required to further elaborate upon his thought processes. *See Gooch v. Secretary of Health & Human Servs.*, 833 F.2d 589, 592 (6th Cir. 1987); *see also Mitchell v. Astrue*, 256 F. App'x 770, 772 (6th Cir. 2007); *Simons v. Barnhart* 114 F. App'x 727, 734 (6th Cir. 2004) (The ALJ stated that he was obligated to consider all the claimant's symptoms, and found that the claimant had an impairment or combination of impairments that were severe; the lack of a separate discussion of each of the claimant's multiple impairments "does not mean that the [ALJ] did not consider their combined effect.").

## **Recommended Disposition**

For the reasons set forth herein, I recommend that the Commissioner's decision be affirmed.


Dated: September 1, 2009           /s/  Joseph G. Scoville
                                   United States Magistrate Judge


## **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *McClanahan v. Commissioner*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).